**O'CONNOR LAW GROUP, P.C.**
Mark O'Connor, Esq. (SBN 157680)
Elizabeth A. Wagner, Esq. (SBN 317098)
384 Forest Ave., Suite 17
Laguna Beach, CA 92651
Tel: (949) 494-9090 | Fax: (949) 494-9913
Email: hello@teamolg.com

Attorneys for Plaintiff:
HENRY GUZMAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HENRY GUZMAN**, <br><br> Plaintiff, <br><br> vs. <br><br> **TESLA MOTORS, INC., a Delaware Corporation,** <br><br> Defendant. | Case No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> 1. SONG-BEVERLY CONSUMER WARRANTY ACT <br> 2. MAGNUSON-MOSS WARRANTY ACT |

Plaintiff, HENRY GUZMAN, alleges as follows against Defendants, TESLA MOTORS, INC. ("TESLA") on information and belief, formed after an inquiry reasonable under the circumstances:

## DEMAND FOR JURY TRIAL

1. Plaintiff of behalf of himself hereby demands trial by jury in this action pursuant to Rule 38 of the Federal Rules of Civil Procedure.

-1-
*GUZMAN v. TESLA* - COMPLAINT

## THE PARTIES

2. Plaintiff HENRY GUZMAN is a natural person residing in the City of Los Angeles, County of Los Angeles and State of California.

3. Defendant TESLA MOTORS, INC., ("Tesla") is, and at all relevant times was, a Delaware Corporation registered to do business in the State of California with its registered office in the City of Fremont, County of Los Alameda, and State of California.

4. This cause of action arises out of the warranty obligations of TESLA for a new vehicle purchased by Plaintiff from TESLA and for which TESLA issued a written warranty.

5. Pursuant to the filing of this complaint, Plaintiff hereby exclude themselves from any present or future class action lawsuits pertaining to or applicable to 2020 Tesla Model Y, VIN: 5YJYGDEE9LF010171.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367 for supplemental state claims.

7. This action arises out of Defendant's violation of the 1) Song-Beverly Consumer Warranty Act; And 2) Magnuson-Moss Warranty Act.

8. Plaintiff is a resident of Los Angeles, Los Angeles County, California.

9. Defendant TESLA MOTORS, INC., ("Tesla") is, and at all relevant times was, a Delaware Corporation registered to do business in the State of California with its registered office in the City of Fremont, County of Los Alameda, and State of California.

10. At all times relevant, Defendant conducted business within the State of California.

11. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business in this judicial district, thereby purposely and

intentionally availing itself of the benefits and protections of this district when placing motor vehicles into the stream of commerce within California and the United States. Personal jurisdiction over Defendant is foreseeable, fair, and proper.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391. Defendant transacts substantial business in this district with regularity and it is subject to personal jurisdiction in this district. Additionally, Defendant advertises and markets its products in this district, and has received substantial revenue and profits from its sales of motor vehicles in this district. Thus, a substantial part of the events and/or omissions giving rise to the present claims occurred within this district.

## STATEMENT OF FACTS

13. On or about June 22, 2020, Plaintiff purchased a new 2020 Tesla Model Y, VIN: 5YJYGDEE9LF010171 (hereinafter "Subject Vehicle" or "[the] vehicle").

14. TESLA attached a transferable express warranty to the Subject Vehicle by which TESLA warranted to the owner or lessee of a 2020 TESLA automobile which is sold and distributed by TESLA MOTORS, INC., that TESLA will repair or replace any part that is defective in material or workmanship under normal use during the warranty period.

15. Plaintiff is the beneficiary of the transferable express warranty attached to the Subject Vehicle by TESLA by which TESLA undertook to preserve or maintain the utility or performance of Plaintiff's vehicle or provide compensation if there was a failure in such utility or performance during the warranty period.

16. An implied warranty of merchantability also arose by operation of law.

17. The Subject Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to electrical, structural, sensor, and drive shift issues

///

18. Beginning at 120 miles, and continuing throughout the warranty period, Plaintiff brought the Subject Vehicle in to TESLA authorized dealerships at least six (6) times due to issues with the doors, the charging system, the gear shift, the windows, the infotainment screen, and the key entry.

19. Plaintiff brought the Subject Vehicle in to TESLA authorized dealerships at least six (6) times due to issues with the doors, the charging system, the gear shift, the windows, the infotainment screen, and the key entry in the first 18 months and 18,000 miles of use.

20. On-or-about November 7, 2020, Plaintiff contacted TESLA, requesting that TESLA repurchase the Subject Vehicle under the Song-Beverly Consumer Warranty Act. TESLA has failed to respond to Plaintiff's request.

21. Plaintiff hereby revokes acceptance of the sales contract.

## FIRST CAUSE OF ACTION

**Violation of Song-Beverly Consumer Warranty Act - Breach of Express & Implied Warranty**

**Cal. Civ. Code §1792,** *et seq.*

22. Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

23. Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter "the Act") Civil Code sections 1790 *et seq.*, the Subject Vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiff has used the vehicle primarily for those purposes.

24. Plaintiff is a "buyer" of consumer goods under the Act.

25. Defendant TESLA is a "manufacturer" and/or "distributor" under the Act.

///

26. An express warranty arose by virtue of TESLA's transferable New Vehicle Limited Warranty.

27. Pursuant to Civil Code section 1792, upon delivery of the Subject Vehicle to Plaintiff, TESLA impliedly warranted that the Subject Vehicle was merchantable. The Subject Vehicle was also delivered with an implied warranty of fitness for a particular purpose.

28. The Subject Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, electrical, structural, sensor, and drive shift issues.

29. The foregoing defects and nonconformities to warranty manifested themselves within the applicable express warranty period. The nonconformities substantially impair the use, value and/or safety of the Subject Vehicle.

30. Plaintiff delivered the Subject Vehicle to an authorized TESLA repair facilities for repair of the nonconformities.

31. Defendant TESLA was unable to conform Plaintiff's vehicle to the applicable express warranties after a reasonable number of repair attempts.

32. Notwithstanding Plaintiff's entitlement, Defendant TESLA has failed to either promptly replace the new motor vehicle or promptly make restitution in accordance with the Act.

33. By failure of TESLA to remedy the defects as alleged above, or to issue a refund or replacement, TESLA is in breach of its obligations under the Act.

34. Under the Act, Plaintiff is entitled to reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiff prior to discovery of the nonconformities.

35. Plaintiff is entitled to all incidental, consequential, and general damages resulting from Defendants' failure to comply with their obligations under the Act.

///

-5-
*GUZMAN v. TESLA* - COMPLAINT

36. Plaintiff is entitled under the Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

37. Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that TESLA has willfully failed to comply with its responsibilities under the Act.

38. TESLA had reason to know the purpose of the Subject Vehicle when the Subject Vehicle was delivered to Plaintiff.

39. The Subject Vehicle was not of the same quality as those generally acceptable in the trade because it was equipped with defective electrical, door, window, infotainment system, sensor, and drive shift components, and other defective components.

40. The Subject Vehicle was not fit for the ordinary purpose for which such goods are used because it was equipped with defective electrical, door, window, infotainment system, sensor, and drive shift components, and other defective components.

41. The Subject Vehicle did not measure up to the promises or facts stated on the container or label because it was equipped with defective electrical, door, window, infotainment system, sensor, and drive shift components, and other defective components.

42. Plaintiff is entitled to justifiably revoke acceptance of the Subject Vehicle under Civil Code section 1794, *et seq*; Plaintiff hereby revokes acceptance of the Subject Vehicle.

43. Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code section 1794, *et seq.*

44. Plaintiff is entitled to rescission of the contract pursuant to Civil Code section 1794, *et seq.* and Commercial Code section 2711.

45. Plaintiff is entitled to recover any "cover" damages under Commercial Code sections 2711, 2712, and Civil Code section 1794, *et seq.*

46. Plaintiff is entitled to recover all incidental and consequential damages pursuant to 1794 *et seq* and Commercial Code sections 2711, 2712, and 2713 *et seq.*

## SECOND CAUSE OF ACTION

### Violation of the Federal Magnuson-Moss Warranty Act

### 15 U.S.C. 2301, *et seq.*

47. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 46, inclusive, of this Complaint.

48. Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (referred to as "Mag-Moss"), 15 U.S.C. § 2301(3).

49. Defendant TESLA is a "supplier" and "warrantor" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(4), 15 U.S.C. § 2301(5).

50. The SUBJECT VEHICLE is a "consumer product" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(1).

51. In addition to the express warranty attached to the SUBJECT VEHICLE, an implied warranty of merchantability arose as a matter of law.

52. The SUBJECT VEHICLE's implied warranties were not disclaimed using a Buyer's Guide displayed on the SUBJECT VEHICLE; thus, any purported disclaimers were ineffective pursuant to 15 U.S.C. § 2308(c).

53. Defendants violated the Mag-Moss Act when they breached the express warranty and implied warranties by failing to repair the defects and nonconformities or repurchase the SUBJECT VEHICLE.

54. Plaintiff performed all terms, conditions, covenants, promises and obligations required to be performed on the Plaintiff's part under the terms of the sales agreement, and express warranty and implied warranty except for those terms and conditions, covenants, promises and obligations or payments for which performance and/or compliance has been excused by the acts and/or conduct of the

Defendants and/or by operation of law.

55. As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff has been damaged in the form of general, special and actual damages in an amount within the jurisdiction of this Court, according to proof at trial.

56. Under the Act, Plaintiff is entitled to rescission of the contract, reimbursement of the amount paid under the sales contract.

57. Plaintiff is entitled to all incidental, consequential, and general damages resulting from Defendants' failure to comply with their obligations under the Mag-Moss Act.

58. Plaintiff is entitled under the Mag-Moss Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action pursuant to 15 U.S.C. § 2310(d)(2).

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For general, special and actual damages according to proof at trial;
2. For rescission of the purchase contract and restitution of all monies expended;
3. For diminution in value;
4. For incidental and consequential damages according to proof at trial;
5. For civil penalty in the amount of two times Plaintiff's actual damages;
6. For an Order and Injunction of this court rescinding the sales contract and requiring Defendant TESLA to brand the car a "lemon" under sections 1793.23 and 1793.24 of the Song-Beverly Act;
7. For prejudgment interest at the legal rate;
8. For reasonable attorney's fees and costs of suit; and

9. For such other and further relief as the Court deems just and proper under the circumstances.

Dated: May 11, 2021           O'CONNOR LAW GROUP, P.C.

     /s/ Elizabeth A. Wagner
Mark O'Connor, Esq. (SBN 157680)
Elizabeth A. Wagner, Esq. (SBN 317098)
Attorneys for Plaintiff, HENRY GUZMAN

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of May 2021, I electronically filed and served the foregoing document with the Clerk of this Court, using the CM/ECF System. In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF System:

Executed on May 11, 2021, at Laguna Beach, California.

     /s/ Elizabeth A. Wagner
Elizabeth A. Wagner